UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PARLANTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COLLEGIATE HOUSING SERVICES INC.,<br><br>　　　　Defendant. | No. 2:15-cv-1361 MCE DAD PS<br><br><br>ORDER |

Plaintiff John Parlante is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has submitted an in forma pauperis application that make the showing required by 28 U.S.C. § 1915(a)(1).  Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes.  The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

1  complaint as frivolous where it is based on an indisputably meritless legal theory or where the
2  factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).
3      To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
4  state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
5  570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as
6  true the material allegations in the complaint and construes the allegations in the light most
7  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
8  Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
9  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
10 lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true
11 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western
12 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).
13     The minimum requirements for a civil complaint in federal court are as follows:

14
15
16
> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

17 FED. R. CIV. P. 8(a).
18     Here, the amended complaint filed by plaintiff on July 17, 2015, alleges that defendant
19 Collegiate Housing Services, Inc., ("CHS"), "operates for profit The Hub which purports to be
20 student housing for full time students."  (Am. Compl. (Dkt. No. 3) at 1.)  CHS "required plaintiff
21 to go through an extensive income, background, and credit check but for African Americans they
22 give them immediate housing without income verification or academic standing as a student."
23 (Id.)  Specifically, in his amended complaint plaintiff alleges that he applied for housing at The
24 Hub on August 27, 2014.  (Id. at 3.)  According to plaintiff, although units were available from
25 August through the middle of November, The Hub refused to rent a unit to him until November
26 17, 2014, at which time plaintiff moved into a unit.  (Id.)  That unit, however, had inadequate
27 lighting, oxidized paint, and an odor coming from the rug.  (Id.)  Plaintiff alleges that on two
28 occasions, the electricity to plaintiff's unit was shut off causing plaintiff's food to rot.  (Id. at 4.)

Plaintiff also alleges that in January of 2015, "William Wright III was placed" into plaintiff's unit, despite being, "ineligible to receive financial aid," having "no money" and being "an alcoholic who does not behave according to social norms." (Id. at 5.) According to plaintiff, Wright "damaged plaintiff's property and borrowed money without permission." (Id.) Plaintiff complained to CHS employee Makisha Smith, who is "of the same race" as Wright, and Smith moved Wright out of the unit. (Id. at 5-6.) However, the following day Smith "retaliated by trying to get . . . security to remove plaintiff from the unit, despite a surplus of rent being paid." (Id. at 6.) Plaintiff alleges that defendant eventually filed an unlawful detainer action against plaintiff, resulting in plaintiff being "unable to graduate from his degree program." (Id. at 7.)

The complaint's first cause of action, and the sole claim that would provide this court with original jurisdiction over the action, is a claim that CHS violated the Federal Fair Housing Amendments Act, 42 U.S.C. § 3604(b), by "[d]iscriminating or otherwise making unavailable dwellings because of race . . . and holding [plaintiff] to a higher standard than other races." (Id. at 8.) Title 42 U.S.C. § 3604(b) provides that it is unlawful

> To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

In his amended complaint, however, plaintiff fails to identify either his own race or the race of anyone else identified in his amended complaint. Moreover, although in the amended complaint plaintiff alleges in a conclusory manner that African Americans were given immediate housing without income verification or academic standing while plaintiff was required to go through an extensive background check, the amended complaint fails to provide any factual allegations to support that conclusory assertion. Thus, it is unclear from reading the allegations found in the amended complaint precisely how defendant CHS allegedly discriminated against plaintiff because of his race.[1]  See generally Housing Rights Center v. Sterling, 404 F.Supp.2d 1179, 1192 (C.D. Cal. 2004) ("To state a claim under § 3604(b), a plaintiff must show that he or

---

[1] Moreover, the amended complaint frequently refers to "Defendants" despite only naming one defendant, CHS, in the amended complaint. (Compl. (Dkt. No. 1) at 8.)

1  she was subjected to different terms, conditions, or privileges because of a protected status.");
2  Inland Mediation Bd. v. City of Pomona, 158 F.Supp.2d 1120, 1143 (C.D. Cal. 2001) ("In many
3  instances, to establish a prima facie case of housing discrimination, a plaintiff must show that he
4  or she is a member of a protected class who applied for and was qualified to rent housing and who
5  was rejected; Plaintiff must also show that the housing opportunity remained available.").

6        Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
7  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that
8  state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v.
9  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels
10  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor
11  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual
12  enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,
13  557.  A plaintiff must allege with at least some degree of particularity overt acts which the
14  defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

15        Accordingly, plaintiff's amended complaint will be dismissed for failure to state a
16  cognizable claim over which this court has subject matter jurisdiction.  The undersigned has
17  carefully considered whether plaintiff may further amend the complaint to state a claim upon
18  which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad
19  faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818
20  F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv.
21  Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely
22  given, the court does not have to allow futile amendments).  However, when evaluating the
23  failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it
24  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
25  would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting
26  Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v. Shapiro, 488 F.3d 1202, 1205
27  (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is
28  /////

1  absolutely clear that the deficiencies of the complaint could not be cured by amendment.")
2  (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

3       Here, the court cannot yet say that it appears beyond doubt that leave to amend would be
4  futile.  Plaintiff's amended complaint will therefore be dismissed, and plaintiff will be granted
5  leave to file a second amended complaint.  Plaintiff is cautioned, however, that if he elects to file
6  a second amended complaint "the tenet that a court must accept as true all of the allegations
7  contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements
8  of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft, 556
9  U.S. at 678.  "While legal conclusions can provide the complaint's framework, they must be
10 supported by factual allegations."  Id. at 679.  Those facts must be sufficient to push the claims
11 "across the line from conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

12      Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an
13 amended complaint complete.  Local Rule 220 requires that any amended complaint be complete
14 in itself without reference to prior pleadings.  The second amended complaint will supersede the
15 amended complaint just as the amended complaint superseded the original complaint.  See Loux
16 v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in any second amended complaint plaintiff may
17 elect to file, just as if it were the initial complaint filed in the case, each defendant must be listed
18 in the caption and identified in the body of the complaint, and each claim and the involvement of
19 each defendant must be sufficiently alleged.  Any second amended complaint which plaintiff may
20 elect to file must also include concise but complete factual allegations describing the conduct and
21 events which underlie plaintiff's claims.

22      Accordingly, IT IS HEREBY ORDERED that:

23      1. Plaintiff's June 26, 2015, application to proceed in forma pauperis (Dkt. No. 2)
24 is granted.

25      2. The amended complaint filed July 17, 2015 (Dkt. No. 3) is dismissed with leave
26 to amend.

27      3. Within twenty-eight days from the date of this order, a second amended
28 complaint shall be filed that cures the defects noted in this order and complies with the Federal

5

Rules of Civil Procedure and the Local Rules of Practice. The second amended complaint must bear the case number assigned to this action and must be titled "Second Amended Complaint."[2]

    4. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: October 1, 2015

        _____
        DALE A. DROZD
        UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\parlante1361.dism.lta.ord.docx

---

[2] Alternatively, if plaintiff no longer wishes to pursue this action, plaintiff may file a notice of voluntary dismissal without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.